Case file we've got this morning is 525-0646, McCoy v. Southern Illinois Hospital Services. Mr. Reinberg? Yes, sir. You ready to proceed? Yes, sir. Go right ahead. Good afternoon. May it please the Court. I'm Cody Reinberg. I represent Plaintiff Appellant Brittany McCoy. Initially, Your Honor, there was no forfeiture or waiver in this case. Section 2520-490F, that's really the regulation and issue that governs what we're dealing with today. It's the controlling law and it was in the trial court record. And its specific content was thoroughly argued and was relied upon by the Illinois Department of Human Rights when it issued its controlling decision in this matter. Appellee's forfeiture argument that the governing law was not in front of the circuit court is factually wrong. Here's what was actually before the circuit court. We have Ms. McCoy's response to the combined motion to dismiss. Attached to that response is an Exhibit 1, which contains, among other things, the IBHR's April 10th, 2025 notice that was sent to both parties in this case. That document, Your Honor, sitting in the record at C-51, stated in the IBHR's own words that Ms. McCoy, her December 5th, 2024 submission was timely under the statute. That decision specifically cited the statute of issue that we're dealing with today, the Illinois Human Rights Act, and more specifically 7A102A1, 1, and 2. And it also specifically cited the operative regulation, Section 2520-490F. It cited those by name for the conclusion, in support of the conclusion. The regulation, and more importantly, Your Honors, the IBHR's decision relying on it, did not appear for the first time in front of this court. It appeared in the record as an exhibit to the circuit court. And mind you, it's an exhibit, if you look to R10 of the Record on Appeal, that was specifically highlighted and read from during oral argument. Moreover, that specific exhibit, the April 10th, 2025 piece of correspondence from the IBHR, was even called out by the trial court in its order, if you see in C-66 of the Record on Appeal. The issue was and is very simple, Your Honors, and the trial court properly framed the issue. Which EEOC document triggered Ms. McCoy's 30-day deadline under the statute? Ms. McCoy argued below, as she does here, repeatedly and consistently, that the December 5th Conciliation Failure Notice of Rights was the operative document. And that is precisely the content, precisely what Section 2520-490F says. And that's precisely what the April 10th, 2025 correspondence, cited as Exhibit 1 in the circuit court, made clear. The circuit court had the IDHR's notice and decision, citing that regulation. It did not follow the IDHR decision. It did not follow that regulation. It provided no deference to that IDHR decision. Instead, the circuit court held on C-77 in the Record on Appeal, that the IDHR's decision and analysis on the issue was, quote, irrelevant. But that is not correct, Your Honors. As we know, when we look at the Cigna case, quote, even where review is de novo, an agency's interpretation of its regulations and enabling statute are entitled to substantial weight and deference. Given that agencies make informed decisions on the issues based upon their experience and expertise and serve as an informed source for ascertaining the legislature's intent. There was no forfeiture or waiver, Your Honors. Instead, there was reversible error. Finally, on this forfeiture and waiver point, the exception called out by appellee in their brief would actually apply to this case if we were to get to that point. Critically, in both cases cited by the appellee, we look at the Edgar case and the Madcow case. The courts know that, quote, the waiver rule is a limitation on the parties and not the jurisdiction of this court. That comes directly from the Supreme Court case, Edgar. And Madcow, this court, quote, said the doctrine of forfeiture serves as a limitation on the parties and not on the reviewing court. The exception, that's the end quote, the exception noted by appellee permits review when an issue is one of pure law and has been fully briefed by the parties. Both of those conditions are met here, Your Honors. We know, again, pointing back to Cigna, statutory and regulatory interpretation is a pure question of law review de novo. And appellee devoted an entire section of their brief to arguing that the regulation is invalid. It's somewhat of a red herring because we're not entirely focused on the regulation because we're actually focused on the Illinois Department of Human Rights decision that relied on that regulation and that was cast aside by the trial court. But in any event, appellees had every opportunity to address this argument and respond. There's no prejudice. Addressing the case on the merits like the court did in both Edgar and Madcow is the proper result here. You know, forfeiture is a doctrine of fairness and judicial efficiency. It would be neither fair nor efficient to refuse to decide a pure legal question that both parties have fully argued that the governing agency, the IBHR, resolved in favor of plaintiff appellant in the record below and that the circuit court framed correctly but answered objectively incorrectly. Moving now, Your Honors, to the ambiguity of sections 7A, 102, A1, 1, and 2. Again, that's the Illinois Human Rights Act and the ambiguity, Your Honors, is genuine. Section 7A, 102, A1, 1 requires submission of the EEOC's, quote, determination but it never defines that term. And in fact, what I think is very critical, Your Honors, is it never indicates that there's only one, quote, determination that will suffice under the law. Indeed, the EEOC and agencies in their investigations make several determinations. Whether they title a document determination or not, there are several determinations made. And I point again to argument made by Pelley where they recognize that, quote, determination generally refers to an agency's, quote, final act or decision. Not a decision that is final but the final act or decision. And that is a big distinction. Because, of course, we know that the determination by the EEOC said it was a final decision. But the EEOC, that October 30, 2024 determination, specifically said and explained that the EEOC remained actively involved in the case. They were not washing their hands of the case. They were pursuing conciliation. Instead, the December 5, 2024 conciliation failure and notice of rights was the final decision. Quote, in that document, quote, the EEOC has decided that it will not bring suit against the respondent at this time based on the charge and will close its file in this case. The question here, Your Honors, is what did the legislature intend? Quote, determination to me in a context, specific context that we have here of a dual file charge where the EEOC found cause and then attempted to conciliate. That's the situation. What does determination mean there? And on that specific question, Your Honors, the statute is silent. And that's where we go to the administrative regulation which, as we know, has a full effect of the law. That is the law. Section 2520490F fills the gap lawfully. When a statute is ambiguous, the agency charged with administering it may fill the gap through regulation. And again, it is repeating, its interpretation, the IDHR's interpretation of the statute and its regulation and the interplay is entitled to substantial weight and deference. It is not irrelevant. The IDHR did exactly that with Section 2520 which states plainly if the EEOC finds reasonable cause for a violation, which happened here, the EEOC's final determination is the issuance of a notice of right to sue after conciliation has failed. Let me ask you this. Did the trial court address the ambiguity of the? That was not addressed by the trial court, Your Honor. The trial court, well, let me rephrase that. The trial court in its order claimed that the statute was not ambiguous because the statute said determination and the title document that appellee provide on was titled determination. As far as delving into kind of why it was or was not ambiguous, I would argue that the trial court did not specifically address that apart from saying, listen, the statute says determination, we've got a document that says determination, I don't see any ambiguity there. So I would rephrase that, yes, I think the trial court addressed it, Your Honor, but I do not believe that the trial court addressed it appropriately. And we don't have any case law that defines determination, correct? No, Your Honor, and the trial court did specifically acknowledge that. There was no case law that either party cited or that the trial court could find defining determination. Instead, determination was defined by the regulation itself that was cited by the Illinois Department on Human Rights. Appellee argued that the regulation at issue conflicted with the statute, and I believe that argument is wrong. Appellee pointed to shouts, but shouts involved an agency acting entirely outside the scope of its controlling authority. This was a sheriff's commission who attempted to regulate substantive conduct, regulate secondary employee, basically saying, hey, y'all can't go get a second job if you're a sheriff, right? And its enabling statute, nothing touched the subject of secondary employment or substantive conduct. That's nothing like what happened here, Your Honors. The IVHR was expressly authorized to promulgate rules not inconsistent with the Act. The section at issue, or regulation at issue, does not at all contradict the statute. It resolves the statute's ambiguity by defining determination in a scenario that the statute left unclear. When the EEOC finds cause, but holds onto the case and begins conciliation. I know we highlighted the conclusion, I just want to touch on it briefly. This is a practical decision of the commission, excuse me, the department's decision is practical, because you do not want two agencies devoting resources to one charge at the same time. And that's what Appellee's argument would have you do. The EEOC would have the charge, they'd be attempting conciliation, they'd still be working on the charge, but then you'd have to send it to the IVHR, who would be starting the charge, initiating investigation, etc. And that flies in the face of the purpose of the dual filing nature of Illinois' interests and the federal government's interests of preserving resources. Lastly, as the court knows, Ms. McCoy complied. She received her notice of right to sue on December 5th, 2024. That same day, it was sent to the IVHR. The IVHR assigned the matter a charge number, and after reviewing its own procedural requirements, concluded that Ms. McCoy complied with the statute and the regulation. It's undisputed that we filed suit timely right then, or within 90 days, excuse me. And unless the court has any further questions, that's all I have. I do. Today you used the expression that the agency is given deference, and at some point, I think you said or in the brief, says great deference. What kind of deference should be afforded to the agency in its interpretation? What do you suggest that means? As far as the agency's decision, Your Honor? Well, again, we would go to Cigna, the Cigna case cited, and quoted there is even when the review is de novo, which this court is reviewing the case de novo, the agency's interpretation of its regulations and the enabling statute, which that's what the IVHR was doing there. They said, hey, we've got a document. Now we need to determine, is this the right document to issue a right to sue, or is this the wrong document such that, hey, we don't have jurisdiction? Well, in those cases, the agency's interpretation is entitled to substantial weight and deference. And I'd argue, Your Honors, not only at the trial court level was it not given substantial weight and deference, it was given none. It was flatly called irrelevant, and that is improper under precedent. Thank you. Justice Barbier, do you have any questions? Not at this point. Thank you. Thank you. Actually, you'll have your time to revoke. Thank you. Good afternoon. May it please the Court. Counsel, my name is Montana Schaffer, and I am in-house counsel for Southern Illinois Hospital Services. Southern Illinois Hospital Services, or SIH, if I may abbreviate, asks this Court to affirm the Circuit Court's judgment dismissing Plaintiff's complaint for several reasons. First, Plaintiff's argument on appeal is that the plaintiff's argument on appeal was forfeited due to her failure to raise it at the trial court level. Second, if the Court forgives such forfeiture and reaches the merits, the regulation cited by Plaintiff conflicts with its governing statute and is therefore invalid. Finally, Plaintiff did not exhaust her administrative remedies because she failed to meet the statutory prerequisites of the Illinois Human Rights Act depriving the Court of subject matter jurisdiction. As for the forfeiture argument, Plaintiff forfeited her appellate argument because she did not raise it properly at the trial court level. In 2022, this Court in People v. Abel stated, it is well established that if a party fails to raise an issue in the lower court, such issue is forfeited on appeal. Although there is a limited exception that states that a court can consider the merits of an issue if it is one of law and has been fully briefed and argued by the parties, that is not the case today. In 2025 specifically, in Mad Cow Oil Company v. H&R Oil, this Court heard a case in which, for the first time on appeal, appellant argued that the judge took improper judicial notice after having not objected to that judicial notice when it was taken. This Court looked to the record and the opportunity that the trial court had in analyzing the propriety of taking judicial notice. This Court determined that because the Court was able to do that analysis at that time, that the issue had not been forfeited and that this Court would hear the merits. Plaintiff's entire legal basis for reversal was never raised or analyzed below. Although Plaintiff does state that it is in the record and that its contents was their entire argument, it was not. The Illinois Supreme Court states that to permit a party to change its theory on review would not only weaken the adversarial process in our system of appellate jurisdiction, but may also prejudice the other party. And that is what SIH argues is happening if this case is heard on the merits. So let me ask you, this issue, would you construe it to be purely legal? I would construe it to be purely legal, yes, Your Honor. And would you consider that the issue itself is, I mean, the record is complete with regard to that legal issue? I do believe the record is complete, yes. And this issue, I'm also, it's concerning jurisdiction. Yes, at the end of it is whether or not the Court has subject matter jurisdiction. Yes, Your Honor. But what we would point, what SIH would point out is that it was not fully argued or analyzed by the trial court. They were not given that opportunity. And that is the precedent that this Court has set just in October of 2025. At the trial court level, plaintiff argued the statute, the argument centered around the statute. Additionally, plaintiff argued that had plaintiff failed to comply with the procedural requirements of the Illinois Human Rights Act, then the IDHR would have simply dismissed the charge. But unfortunately, that is exactly what IDHR did on February 28th of 2025. You can find that in the record at C-59. They sent a notice of dismissal stating that timely notification had not been provided. Only upon plaintiff's prompting did they send the April letters altering that decision. Well, they, it may have been the plaintiff's prompting, but they reconsidered their, and found that they had mistakenly issued that dismissal. That is what the letters say, yes. But we additionally argue that basic citation by the Illinois Department of Human Rights in a letter does not equate to citation or argument by the plaintiff. It is not the court's responsibility to look for extraneous sources to support a party's argument. If the regulation was the entire basis of the plaintiff's argument as it stated, why was it not cited once by plaintiff? So are you familiar with the IDHR's regulation, or is it 2520-490F? Yes. And doesn't that basically say that in cases where the EEOC finds a reasonable cause, the final determination is the right to sue rather than not the initial cause finding? It does say that, Your Honor, yes. But in terms of the merits of this case, I'll get away from the forfeiture argument. They don't have the authority or the ability under the statute to make that regulation to begin with. The statute specifically gives them, as a creature of statute, certain powers, but that statute specifically says that IDHR can only adopt rules and regulations not inconsistent with the provisions of the Act. That is exactly what that regulation does. The Act is clear. The court, in their order at C-77, which was referenced by plaintiff, specifically stated, in looking at the intent of the legislation, and to not depart from plain statutory language by reading into exceptions, limitations, or conditions, in doing so, it leads the court to only one conclusion. The statutory language is not ambiguous. A letter that calls itself a determination letter, that says it makes the following determination on the merits, and says this determination is final, is a determination by the EEOC on complaint. The objective of this court here, in analyzing the statute, is to give effect to the intent of the legislature. There is no need to use extrinsic aides, although some have been provided, which are important and instructive, because the language is clear and unambiguous. The ordinary and unkind terms should be given their plain and ordinary meanings. The statute specifically states, the department shall take no action until the EEOC makes a determination on the charge, and after complainant notifies the department of the EEOC's determination. Additionally, complainant is to be notified by the IDHR that they must submit a copy of the EEOC's determination within 30 days. On October 30, 2024, the EEOC issued a document, stating it was tied to determination in all caps and in bold. Within that document, as the trial court stated, it said the following determination is on the merits, and the determination is final. That document was never sent to the Illinois Department of Human Rights, let alone within the 30 days. Plaintiffs today cite the newfound regulation, arguing that despite the statute's plain language, that the determination is to be sent. The agency says, well, it's not actually the letter that's tied to determination, and says this is a final determination. It's a completely different document that is not contemplated within the statute, and it's actually the notice of right to sue. As I specifically stated, the Illinois Department of Human Rights does not have the power to do this. They have taken a clear requirement to send a determination, and all but amended the statute of their own volition to make it the notice of right to sue. Doesn't the IDHR, though, have statutory authority to interpret anything that it finds ambiguous? Your Honor, I'm not sure if they have the statutory authority. Statutorily, they have the authority specific at 775 ICS 5-78-101A to adopt rules and regulations not inconsistent with the provisions of the Act. That is a very specific limitation that is placed upon them within the Act, and they have done the opposite. That is why we argue that the regulation is invalid. Additionally, there have been federal courts that have analyzed this issue. Federal courts did not feel the need to go to the regulation because the statute is unambiguous. The procedure in the Illinois Human Rights Act is comprehensive, but it is clear. There are two steps. The first step states that the Illinois Department of Human Rights shall take no action until the EEOC makes a determination and, after complaining, notifies the Illinois Department of Human Rights of that determination. The word. The word. Thank you. The EEOC, though, when it... I'm sorry, the IDHR doesn't really take any action until the EEOC has completely completed its action. Is that correct? That is not correct. There have been instances in which, in these federal cases that the court has determined, that the failure to send a determination to the Illinois Department of Human Rights dooms civil claim. Because that's the document that is to be sent. They're not adopting the notice of right to sue. The document that is the notice of right to sue is giving the plaintiff their opportunity to go to federal court and state their claim within that court. That notice of right to sue has no bearing on the Illinois Department of Human Rights and on the right to sue in state courts. But in terms of preserving resources and not duplicating litigation, IDHA typically does not begin to do any type of activity on a file until the EEOC has completed any activity that it's doing. Correct. And so then if the determination letter, the first determination letter, indicates specifically that the EEOC is going to move to some conciliatory action and try and resolve the issue, that clearly makes it apparent to the IDHA, IDHR, that there's still ongoing activity with the EEOC, which would preclude or prevent them from jumping into a case until that has been concluded, if I'm correct. I think it could be seen that way, but I can explain to you, Your Honor, why that falls flat. Okay. So that does not work because there is no work to be done by the Illinois Department of Human Rights when they receive that determination. When they receive the determination, all they do is they adopt it. They say the EEOC did the investigation, they came up with their determination after that investigation, and we're going to adopt it. Here's your notice of right to sue if you want to do state court instead. Or the plaintiff can choose to go to the commission if that's the route that they want to take. But under that scenario, if the EEOC, I'm sorry, if the plaintiff then at that juncture, assuming that they filed that first determination from the EEOC, if that plaintiff then contacts IDHR and says, all right, I want my right to sue that error, I want to begin suing under the IDHR, the IDHR would not take action until the EEOC's final attempt at a consultory action within its own parameters was completed. Is that correct? I can't speak to what they would or would not do since that's not the situation that happened at hand. Has it happened before? The only situations in which I know of is there was no determination whatsoever, and so the final document from the EEOC was the notice of right to sue. But we can agree that it was the EEOC and the IDHR have an understanding that they're not going to duplicate efforts. The IDHR wouldn't jump into the case if the EEOC was still pursuing consultory action with the parties until that's done. And I understand where you're coming from with that, but unfortunately that's just not what the legislature states or requires. The legislature specifically requires the determination be the document that's sent, and in Hickman, the Board of Education, which is a federal case, the court actually explains the policy behind that when they rule that without determination being sent, then the plaintiff has no subject matter jurisdiction. In that case, the court specifically said that because the IDHR is the main agency administering the act, it makes sense that they would want timely notification of the determination. As I was saying, the notice of right to sue has no information whatsoever about the determination that was made by the EEOC. Without the determination, the Illinois Department of Human Rights has no information whatsoever about what was actually determined. The notice of right to sue simply tells them, okay, the part that they can go now sue in federal court. It does not actually provide any legitimate information to the Illinois Department of Human Rights. So that letter from the EEOC doesn't include any language that it was founded or unfounded? No, Your Honor. It specifically says that, and I don't want to quote it because I don't have the entire thing. But it specifically says that conciliation has failed and it gives the plaintiff an explanation as to how they are supposed to take that case to the federal court with their federal right to sue. Does the EEOC ever pursue conciliatory action in a case that was unfounded? I can supplement with that information. I do not know because in the cases that the determination and whether or not the notice of right to sue was sent, they don't get into that and all I will say is that resource preservation and efficiency is done by the sending of the determination to the Illinois Department of Human Rights when it is received by a complainant and that is the intent of the legislature and that is what we would argue. And again, in another federal case it states that a right to sue from the EEOC is not a substitute for a final report from the department. As I stated, the notice of right to sue provides no legitimate information to the Illinois Department of Human Rights. Specifically in Donnelly City of Chicago, the court stated that due to the untimely provision of the determination, the notice of right to sue issued by the Illinois Department of Human Rights was without legal effect. I would also add,  that the existence of the regulation has only served to cause confusion within the Illinois Department of Human Rights itself. This is why the February 28, 2025 letter which has been sent, they have taken an unambiguous and clear statute and added ambiguity. The IDHR is a creature of statute that only has the powers conferred upon it by the act. They have added a but if to the regulation that does not exist and is not contemplated in the act. Southern Illinois Hospital Services asks this court to affirm the circuit court's judgment because A, although plaintiff states that their entire argument was the regulation at the child court level, they did not cite it one time. It was not cited once. They cite the citation of it by an agency in an exhibit. If it was the entire argument, it would have been argued. Due to the plain language of the act, SIH asks you to affirm the circuit court's ruling. Thank you. Before we let you go, do you have any questions? Do you have another question? Yeah, I do have another question. With regard to, would you agree that if there is an ambiguity in the statute, in the EOC, IDHR would have the authority to decide the ambiguity in a way that makes sense? I would agree that they would have the authority to decide the ambiguity in a way not inconsistent with the provisions of the act. And with regard to the use of the word determination, I know you pointed out that the notice that a plaintiff would get is named a determination letter. Yes. Is determination in that regard used exclusively for that letter or does the word determination interchange with findings and is it used in different types of communications with the plaintiff? So, I can answer that in multiple ways if that's okay. So, within the letters, it is used interchangeably by the agencies. Within the statute, if you go step-by-step within the process, it is not used interchangeably. Within the first step of the statute that requires the determination be sent, they use determination. Within the second section of the statute, because the process within the agencies is not always quite the same and because they are assuming that that first step has been completed, which means that the parties have received a determination from the EEOC and the parties have sent a determination from the EEOC, once that first step is complete, when you go on to the second step, then that states that... Sorry, let me get back to it. The second step states that if IDHR is timely notified of the EEOC's findings by complainant, then the IDHR adopts the determination. The only reason findings is used there is because there are instances in which there are different letters in different instances depending on the situation of that case. Are you able to point us to any explicit statutory text where EEOC's communication counts as the determination when EEOC finds cause and then enters conciliation? Specifically in which... I apologize, Your Honor. There are multiple federal cases that we have found and have cited within... that SIH cited within the brief in which there are cases that the court has determined that untimely provision of the determination... No, no, no. I may have... I may have been artfully asked the question, but I have a habit of that today. What I'm asking is, is the statute clear? Is there a section of the statute that you can point to that clearly indicates which EEOC communication counts as the determination when EEOC finds cause and then enters conciliation efforts? Yes, that specific section of the statute is 775 ILCS 5-7A-102, sorry, it's on parentheses, A-1, 1, and 2. And that's the section... That's in your brief, right? Yes, it is. And it's specifically stated in the brief on page 8 with the statutes involved. And when I reference the two steps within the statute, that's what I'm referencing is section 1 and section 2, where it specifically uses the term determination within section 1, because that's the first step within the statute. It uses different language and it's the intent of the legislature to show that there are different situations in which there may not be a determination. In that situation, obviously, if there is not a determination, then it would not be sent because it does not exist. All right, thank you. Thank you. Just a quick question. I know we're running a little bit long here. Talking about agencies interpretations and the possibility that it would be legitimate, what would be the justification for the agency interpreting the problem here in this fashion? We see that the EEOC retains the matter for further resolution even after we issue a letter with the title determination. So the agency then determines not to duplicate efforts or contradict what may be the result from the EEOC's further proceedings. Isn't that a rational basis to say we then, for purposes of efficiency, will interpret the phrase determination when they resolve what is still within their jurisdiction? Or just define it, or better, just to define it by the nature of the title of the letter? I think I would go back to the statement of the plain language of the statute, and I would emphasize that the determination states throughout, it gives an explanation for the investigation and what was decided, and although there are two different mechanisms going at once, as you mentioned, where the EEOC is working on theirs, and the Element Department of Human Rights is waiting for them to finalize due to resource efficiency, there is no work to be done by the Element Department of Human Rights once they receive that determination. That only gives plaintiff another avenue to seek justice in a way. They can either go to the EEOC via that notice of right to sue. And that avenue isn't available just upon the determination letter from EEOC. Correct. It takes the additional step to get to IDHR. I think they've only just built in that additional timeframe to attempt conciliation. After that point, does the time run for plaintiff to file in federal court? It's not like their time is running after that determination is sent. All right. Thanks. Thank you. I apologize I didn't answer that question in the way that's... You answered it appropriately because it wasn't asked very sufficiently. Thank you so much.  Your Honor. I just have one quick point, Your Honor. I believe you asked Ms. Schaffer, and correct me if I'm wrong, something to the effect of, Ms. Schaffer, what would have occurred if plaintiff appellant did send the October 30th  to the IDHR? Well, what would have occurred? We know exactly what would have occurred because we look to the agency's regulation and it tells us what would occur. And it specifically states, quote, the EEOC's finding of cause is not a final determination and the department will not take any action until the EEOC's conciliation process is complete, which occurs when the EEOC either does its complaint, which is a different option we haven't talked about today. The EEOC doesn't just try and attempt to conciliation. They make an evaluation on the  on their investigation. Hey, do we want to pursue this? Right? Because a plaintiff has an opportunity to have individual counsel or pursue a private cause of action. But the EEOC, you know, we've seen this a lot in the news. What cases are the EEOC pressing forward on their own volition? They can do that as well. So there's a lot more than just, hey, you guys are going to exchange some offers and demands. Right? But the EEOC by its own regulations had plaintiff appellant here done what appellee wants it to do or says it should have done, she should have done. By its own governing law, the IDHR would have done nothing. Is my understanding correct that if the EEOC, when the EEOC files its notice of right to  that is basically the EEOC saying, we're not going to pursue this on our own and if you want to do it, it's up to you. And that's precisely what the document says. And so the IDHR doesn't jump in until they know that the EEOC isn't pursuing anything on its own and that's why it waits for the right to sue it. Correct, Your Honor. And a plaintiff like Mr. McCoy here does have other options when filing that note, the determination of the notice of right to  When you send that to the IDHR, it isn't just,  you can rubber stamp this and give us a right to  You can ask them to continue the  You can also ask them, please rely on the EEOC's findings and investigations here. We want to pursue this. And of  the avenue isn't changing, it's the statute under which you're relieved. So we're talking about when the EEOC sends that initial determination letter that says, you know, this is a file, we find that there's good cause or it's founded, the claim is a unfounded  If the EEOC finds that the claim is unfounded, would that determination letter say, we've investigated, we do not find, you know, we find it is unfounded, here is our determination, and your right to sue at this point? Very good question, Hunter. And without authority, other than practicing virtually strictly in employment law for close to 15 years, I have never seen the EEOC issue a determination like where there's a cause, separate determination saying,  we're going to conciliate or try to conciliate and determine whether we're going to press forward. If they don't find a cause, there's nothing to conciliate because they determined,  if you want to fight this out, court by all  but we're not. So in that circumstance, does that letter to your knowledge also include the right to sue? Yes, Your Honor. In those circumstances, it's unfounded, here's your right to sue. Which is the large majority of the EEOC charges are found to be no substantial evidence or no cause and within that right to sue or that determination, that's all you get, it's a right to  the EEOC effectively says,  we've looked into this, we didn't find anything. However, we're not saying that's gospel, you have the right to pursue this claim within 90 days in a court that you choose, whether that's state or federal court. So I've never had a case where the EEOC didn't find anything and then did conciliation or any of these calls. And that,  is a good point because that's the situation in all the cases cited by appellate, right? It's these situations where the only operative document from the EEOC is the right to  And in all these cases, either the plaintiff appellate, or, excuse me, the plaintiff appellate in those cases, the three federal court cases, sent it late, right? They got a notice for right to sue and they just sent it after 30 days, court says boom, you're out. And it makes sense. So that letter from the EEOC, unfounded, with no other determination, it's an unfounded claim, here's your right to  that's the last communication from the EEOC that that plaintiff is going to receive. Whereas if it is founded, we're going to take conciliatory action, there's, to be  at least one more letter     plaintiff     final decision. And  the final decision that the plaintiff is going to   that's  final  decision that the phrase that you quoted earlier, EEOC's finding of cause is not a final determination and the  will not take any action until the EEOC reconciliation process is complete. That may not necessarily be in conflict with the EEOC   recommission sections under the IHRA as I read it, is it? I'm not going to say you will not take any action until that does not necessarily mean that they are redefining the date and demand of the action pursuant to the determination letter. And I may be misunderstanding Your Honor's question,  and I'm struggling given my shuffling of  what I read to you there was the second kind of part of the regulation at issue. What precedes what I read to you there was exactly what we have in front of us.    the issuance of notice of right to sue after conciliation has failed. So I would say it does conflict, Your Honor, because I think perhaps what you were saying was, well, it may not conflict, it just says, if you send us that determination, and again, correct me if I'm wrong, excluding here for B, if you send us that  well, yeah, we're not going to do anything on it, but it's still what you should send, but we're just going to wait until after conciliation to do anything. Is that what Your Honor is saying? And I would say that that's clearly not what it says because of the first part of the regulation that specifically says, no, that determination document is not what we want from you. You need to send us the notice of right to sue. So I guess I would say it conflicts by the plain language of the regulation there. Okay, thank you very much. Thank you,  Thank you. Obviously, we'll take the matter under advisement. We will issue an order in due course.